MAINS & REEVE, Appellants, v. GEORGE MINTLE, Appellee.

Breach of Contract: SETTLEMENT: EVIDENCE.

*Appeal from Mills District Court.*—HON. H. E. DEEMER, Judge.

THURSDAY, OCTOBER 13, 1892.

ACTION to recover damage for an alleged breach of a verbal agreement to sell and deliver corn. There was a trial by jury, and a verdict and judgment in favor of the defendant. The plaintiffs appeal.—*Affirmed.*

*E. B. Woodruff,* for appellants.

*Shirley Gilliland,* for appellee.

ROBINSON, C. J.—On the nineteenth day of July, 1890, the defendant, a farmer, entered into a verbal agreement with the plaintiffs, grain buyers

at Silver City, for the sale and delivery of corn, and received from them one hundred dollars on account of the agreement. The plaintiffs claim that the agreement required the defendant to deliver to them on or before the twenty-fifth day of August, 1890, one thousand, eight hundred bushels of corn at twenty-six cents per bushel; that only three hundred and ninety-two bushels and thirty pounds were delivered, for which payment in full was made, and that the defendant refused to deliver the remainder of the agreed amount. They demand judgment against him, on account of his refusal to deliver, for the sum of one hundred and ninety dollars. The defendant denies that he agreed to sell any specified amount of corn, but admits that he agreed to deliver to the plaintiffs what corn he could spare. He alleges that he fulfilled the agreement on his part, and made a complete and final settlement of all matters growing out of the agreement. The jury were instructed that, if the agreement was as the plaintiffs claim, the burden was upon the defendant to prove the settlement by him pleaded. The appellants insist that the verdict was contrary to the charge of the court, and that it is not sustained by the evidence. Both Mains and Reeve, the plaintiffs, testified that the agreement was as they claim it to be; and two other witnesses testified in effect that the defendant admitted that he had sold his corn, and one of them testified that he stated the amount sold to be one thousand, eight hundred or two thousand bushels. When the agreement was made, Mains entered in a book and read to defendant a memorandum as follows: "July 19, 1890. Bought of George Mintle, one thousand, eight hundred to two thousand bushels of ear corn, to be delivered by August 25, 1890. Price, twenty-six cents. Paid him one hundred dollars." It is admitted that the price fixed was one cent per bushel more than the plaintiffs were then paying for small quantities of corn, and it is shown that they sold the corn they claim to have purchased for future delivery; that the defendant employed a man to help him deliver it, and that he advised a neighbor to sell at about the time the agreement was made; that about the time he quit delivering corn the market price was advancing, and that at the time fixed for the completion of the delivery as claimed by the plaintiffs it had advanced to thirty-nine and one-half cents per bushel. It is admitted that the defendant refused to sign a written agreement for the sale of one thousand, eight hundred bushels of corn, and he denies the claims made of Mains that he made no objection to the memorandum when it was read to him. His testimony fully contradicts that offered by the plaintiffs as to the amount of corn he agreed to sell. But the greater volume of testimony appears to be on the side of the plaintiffs as to the amount of corn sold, and, if the case were triable here anew, we might have found that the plaintiffs had sustained the claim as to that issue, but we cannot say the jury was not authorized to find differently.

The evidence to sustain the claim of the defendant in regard to a final settlement is much more satisfactory. The defendant testifies that, in consequence of dry weather and hot winds, the prospects for a new crop were such that he decided that he could not spare any more corn, and so stated to the plaintiffs; that he asked the plain-

tiffs to ascertain from the books the amount he had sold; that Mains said they would settle with him, and, after computing the amount due, paid him two dollars and five cents in full; that nothing was said about bringing in any more corn, nor about compelling the defendant to deliver the remainder now claimed by the plaintiffs to have been sold. A short time after this settlement, the plaintiffs followed the defendant into the street and collected from him fifty cents for a load of cobs which he had purchased, and which had been forgotten in the settlement. The plaintiffs admit the payment to defendant of two dollars and five cents in settlement of the amount of corn he had delivered, and that they collected pay for the cobs, as claimed by him. They admit that the money was paid to the defendant in consequence of his demand for a settlement, and that at the time they thought they might as well settle the entire transaction. It is true they claim that they told the defendant at the time that they were not satisfied, and could not accept what had been done as a settlement, but we are of the opinion that the jury were fully justified in finding that, although the plaintiffs may not have been satisfied to release the defendant from any obligation he was under to deliver more corn, yet what was done at the time the money was paid for the corn was designed by both parties to be a final adjustment of all matters growing out of the agreement in controversy.

We conclude that the judgment of the district court must be AFFIRMED.